ST. LOUIS & ST. J. R. R. ASS'N (KAPPNER v.). See Case No. 7,612.

ST. LOUIS, I. M. & S. R. CO. (PARMLEY v.). See Cases Nos. 10,767 and 10,768.

ST. LOUIS, I. M. & S. R. CO. (UNION TRUST CO. v.). See Cases Nos. 14,402 and 14,403.

## Case No. 12,238.

ST. LOUIS INS. CO. v. ST. LOUIS, V. & T. H. R. CO.

[6 Reporter, 231; 7 Ins. Law J. 343; 1 Month. Jur. 750; 24 Int. Rev. Rec. 236; 26 Pittsb. Leg. J. 11.] [1]

Circuit Court, E. D. Missouri. March 19, 1878.[2]

CARRIERS — EXPRESS COMPANY — LIABILITY OF AGENT—CONTRACT.

1. Where a contract is made with an express company, it is primarily liable to the shipper under its contract. If the shipper seeks to hold the agents of the express company responsible, he can do so only through the contract made by the express company with himself.

2. If the agent of the express company be a common carrier, it is held, so far as the shipper is concerned, to all the obligations of a common carrier, subject to the lawful restrictions made by the contract with the express company.

In 1875 Meier & Co. shipped a quantity of cotton from St. Louis to Liverpool by the Erie and Pacific Dispatch Co. and the White Star Line, on a through bill of lading. The cotton was carried on defendant's road to Indianapolis, thence by the Panhandle route to Columbus, Ohio, and thence by the Erie Railroad to New York, where it was placed in the docks of the White Star Line, for shipment to Liverpool. While so placed the cotton caught fire and was burnt. Meier & Co. assigned the interest in the cotton to the insurance company on payment of loss, and the latter brought suit against the railroad company to recover the loss.

TREAT, District Judge. The controlling doctrine was announced in New Jersey Steam Nav. Co. v. Merchants' Bank, 6 How. [47 U. S.] 344, which doctrine has been fully recognized in all subsequent cases before the United States supreme court. That doctrine rests on sound and elemental principles. When a contract is made with an express company, whether such exists for the transportation of small packages or for general shipment, the shipper deals primarily with such company, and looks to it under its contract. But as such companies may have no means of their own for transportation according to the terms of the contract, and have to employ steamers or railroads as their agents, if the shipper seeks to hold their agents responsible he must do so only through the contract made by the express company with himself. So far as he is concerned, the express company is the principal, and must respond. As between the express company and its agents, their respective liabilities inter se can neither restrict nor enlarge the obligations of the original parties. The shipper can hold the express company to its contract, and can, through that con-

[1] [Reprinted from 6 Reporter, 231, by permission. 26 Pittsb. Leg. J. 11, contains only a partial report.]

[2] [Affirmed in 104 U. S. 146.]

tract, pursue its agent. The latter is held, if a common carrier, so far as the shipper is concerned, to all the obligations of a common carrier as the same may exist under the lawful restrictions made by the contract with the express company, and no farther.

In this case the contract was with the Dispatch Co. for transportation from St. Louis to Liverpool. No inland route was designated, but the ocean-bound route was to be the White Star Line from New York. The Dispatch Co. had arrangements whereby it could forward to New York by any one of the several railroad routes. No order was given by the shipper for any designated route, nor any contract made for a specified route to New York. The contract, however, with the Dispatch Co. did limit the liabilities of the defendant, under the facts stated, to losses which might occur while the property was on its route. The facts, undisputed, are that the defendant did receive and forward the cotton beyond its line, in due time and in good order and condition. That is all it agreed to do, and is all that the Dispatch Co., by its contract of affreightment, agreed should be done by the defendant. The wrong or injury complained of did not occur through any act or agency of the defendant, but long after it had ceased to have the cotton in its possession. If wrong there were for which a common carrier would be liable, that wrong occurred when the Erie Railroad had control or possession of the cotton shipped. The contention, however, is, that inasmuch as the several railroad companies whose roads constituted a continuous line from St. Louis to New York had an agreement inter se for the transportation of goods from the point of delivery to the point of destination, whereby they would pro-rate freight, the first road to which the cotton is delivered is bound as a common carrier, not only for its own conduct, but also for the conduct of each and every railroad company intermediate between it and the point of destination. In some cases that obligation exists, and should be strictly enforced. In the cause under consideration, however, the defendant did not contract to have the cotton transported from St. Louis to New York, nor did it receive compensation for any such through shipment. Its contract, as set out specifically in the bill of lading given by the Dispatch Co., limited its liability to what occurred on its own road; and the plaintiff, suing through that contract with the Dispatch Co., cannot enlarge its terms as to the defendant so as to hold it to a greater liability than that contract imposed. If the defendant is bound as a common carrier by the contract of the Dispatch Co., because it was one of the railroads employed, then it cannot be bound beyond the terms of said contract or its obligations as a common carrier, independent of said contract. As a common carrier it was bound, in the absence of an express agreement to the contrary, by what occurred solely on its own road. By the contract of the Dispatch Co. its liability was expressly limited to that measure of obligation. Hence it can be held to no liability, either under said contract or as a common carrier, for the loss that occurred in New York, long after its duties with respect thereto had ceased. Judgment for defendant.

[This judgment was affirmed by the supreme court, where it was carried on writ of error. 104 U. S. 146.]

ST. LOUIS, K. C. & N. R. CO. (EAKIN v.). See Case No. 4,236.

ST. LOUIS LIFE INS. CO. (MACUMBER v.). See Case No. 8,929.

ST. LOUIS LIFE INS. CO. (NETTLETON v.). See Case No. 10,128.

ST. LOUIS MUT. LIFE INS. CO. (ANDERSON v.). See Case No. 362.

ST. LOUIS. MUT. LIFE INS. CO. (JARMAN v.). See Case No. 7,221.